UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADRIAN RUSSELL,

    Plaintiff,

v.                                                    Case No. 5:22-cv-247-TKW-MJF

CONNOR HELMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Adrian Russell (DC# T67255) has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Russell's complaint was not accompanied by the filing fee or an application for leave to proceed *in forma pauperis*. The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Russell is barred under § 1915(g) from proceeding *in forma pauperis* and he has not paid the filing fee.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

Russell is a Florida prisoner confined at the Graceville Correctional Facility in Graceville, Florida. Doc. 1 at 2. Russell initiated this action on October 18, 2022, by filing a civil-rights complaint against Connor Helms, a prison administrator at Graceville CF. *Id*. at 1-2. Russell claims that he is being "illegally detained" under an "illegal[ ] sentence," and that he submitted a grievance concerning same to Helms but Helms did not respond. *Id*. at 5-7 & Attach. Plaintiff seeks the following relief against Helms in his official capacity: "100 grand for every minute I have been incarcerated until I'm release[d] for violating my United States constitutional civil rights of the 4, 14 amendments." *Id*. at 7.

On October 19, 2022, the undersigned screened Russell's complaint and determined that he is barred by 28 U.S.C. § 1915(g) from proceeding with this civil action unless he pays the entire filing fee. The undersigned took judicial notice that three prior cases Russell filed in the United States District Court for the Middle District of Florida were dismissed under § 1915(g). *See Russell v. Warren*, No. 8:22-cv-834-WFJ-MRM, 2022 WL 2870850 (M.D. Fla. July 21, 2022) (dismissing civil rights case under § 1915(g) and identifying three cases that qualify as strikes); *Russell v. Central Fla. Reception Ctr.*, No. 6:22-cv-00536-GKS-DCI (M.D. Fla.

Mar. 30, 2022) (same); *Russell v. Warren*, No. 8:22-cv-00411-CEH-AEP (M.D. Fla. Mar. 24, 2022) (same).

The undersigned also took judicial notice of four cases Russell filed that qualify as "strikes" under § 1915(g): (1) *Russell v. Harper*, No. 8:21-cv-01558-KKM-AAS, 2022 WL 80438 (M.D. Fla. June 9, 2022) (dismissed for failure to state a claim); (2) *Russell v. Cockrell*, No. 8:21-cv-02889-MSS-AEP (M.D. Fla. Jan. 14, 2022) (same); (3) *Russell v. Wester*, No. 8:20-cv-531-VMC-JSS (M.D. Fla. Apr. 8, 2021) (same); (4) *Russell v. Ojeda*, No. 8:20-cv-1000-MSS-CPT (M.D. Fla. Sept. 24, 2020) (same). All of the foregoing cases bear Russell's inmate number: DC# T67255.

Because Russell's complaint did not demonstrate that he was under imminent danger of serious physical injury, the undersigned ordered Russell to pay the $402.00 filing fee on or before November 2, 2022. Doc. 3. Russell has not responded to the order.

## II. DISCUSSION

The statutory fees for commencing a civil action in a federal district court total $402.00. *See* 28 U.S.C. § 1914(a), (b) (Judicial Conf. Schedule of Fees, District Court Misc. Fee Schedule, ¶ 14 (eff. Dec. 1, 2020)). "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914

or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3.

Some prisoners, however, are barred from proceeding *in forma pauperis* because they have accumulated "three strikes" under 28 U.S.C. § 1915(g). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Russell has accrued more than three strikes. His allegations do not demonstrate that he is under imminent danger of serious physical injury. Accordingly, he was required to pay the filing upon initiating this lawsuit. His failure to do so warrants dismissal of this case under § 1915(g). *See Dupree, supra*.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees in their entirety.

2. The clerk of court close this case file.

At Pensacola, Florida, this 10th day of November, 2022.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the**

**district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**